IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCCREADY | : CIVIL ACTION |
| | : |
| v. | : NO.  24-2226 |
| | : |
| RE/MAX ACHIEVERS | : |

# ORDER

**AND NOW**, this 8th day of December 2025, upon considering plaintiff's motion for sanctions (DI 150), defendant's opposition (DI 156), plaintiff's reply (DI 158), defendant's supplemental memorandum (DI 163), plaintiff's supplemental memorandum (DI 164), plaintiff's proposed findings of fact and conclusions of law (DI 175), defendant's proposed findings of fact and conclusions of law (DI 181), defendant's post-hearing response (DI 182), plaintiff's post-hearing reply (DI 186), following our October 24, 2025 evidentiary hearing with counsel, and for reasons in the accompanying memorandum, it is **ORDERED** plaintiff's motion for sanctions (DI 150) is **GRANTED**.  We decline to enter default judgment in favor of Mr. McCready.  But Re/Max's conduct here is unjustified and warrants sanctions, so we: (1) award Mr. McCready his attorneys' fees and costs incurred in connection with Re/Max's document discovery, the sanctions motion practice and hearing, and preparation for the originally scheduled trial in October 2025; (2) prohibit Re/Max from asserting that any negligence found was attributable to either Mr. Jayawardena or Unity; and (3) permit Mr. McCready to use the late-produced documents at trial consistent with the ordinary application of the Rules of Evidence, but prohibit Re/Max from doing so except for documents first introduced by Mr. McCready.[1]

_____
**MURPHY, J.**

---

[1] Determination of the amount of attorneys' fees to be recovered by Mr. McCready is deferred until after trial.